United States District Court

Middle District of Florida

Jacksonville Division

12/30/2020

David M. Kirk,

    *Plaintiff*

V.

Case No: 3:20-cv-504-J-34PDB

Citigroup Global Markets Holdings Inc.

    *Defendant*

## Motion to Dismiss

    In response to Order Doc 8, plaintiff has concluded after further research that this case does not meet the strict standards set by *Perkins v. Benguet Consol. Mining Co,* 342 U.S 437 (1952) as a rare exception to *Daimler AG v. Bauman*, 571 U.S. 117 (2014) for jurisdiction outside of a company's principle state of business. Therefore, plaintiff dismisses this case while pursuing the parallel case in the US District Court for the Southern District of New York.   Though defendant's blatant fraud in this case was initiated starting on March 18, 2020 to coincide with **the exact day** that NY Gov Cuomo issued his Order reducing staff of non-essential businesses (by 50% on March 18, 75% on March 19 and 100% on March 20), such closure being a bully tactic to force potential plaintiffs from filing suit in any State other than NY (process service only being possible via NY Secretary of State which only accepts service of summons by NY courts), because of *Daimler AG v. Bauman,* cases would all likely have ended up being filed in NY anyway – the closure was just a bully tactic barrier to reduce the number of suits from being pursued.

    Defendant has been the subject of a plethora of recent lost civil suits and regulatory fines[1] forcing replacement of the CEO, yet this case demonstrates that even the new leadership has taken a bully posture rather than resolving past crimes by compensation.   If defendant continues this posture, rest assured as the NY case progresses that at the appropriate time, **plaintiff will summon federal authorities** to once again corral defendant's actions and once again levy

fines and hopefully **criminal indictments**.

[1] *Merryman et al. v. Citigroup, Inc., et al. (SDNY)*. 1:15-cv-09185-CM-KNF

*In Re: Citigroup Inc. Securities Litigation (SDNY),* 1:07-cv-09901-SHS

Oct 7,2020 New York Times [online article](#) by Emily Flitter – defendant agreed to pay $400 million fine to OCC & Fed for "unsafe and unsound banking practices" over "longstanding failure" and "prosecutors in 2017 said [drug smugglers were using the bank](#) to sneak dirty money into the United States from Mexico. Citi paid more than $97 million to settle a criminal inquiry into Banamex"

March 19, 2019 [online article](#) by Ben Lane agreeing to "pay out a fine [to OCC] of $25 million for violating the Fair Housing Act"

Respectfully submitted this 30th day of December, 2020

/s/ David M Kirk

David M Kirk, plaintiff

Certificate of Service: I certify this document was cc emailed to defendant's attorney of record (in the NY case) at the email address listed below:

Mr Samuel J Rubin

Goodwin Procter LLP, The New York Times Building, 620 Eighth Avenue, New York, NY 10018, 212 813 8852

SRubin@goodwinlaw.com